IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE RAY DUMAS,

                Plaintiff,

     v.                                            CASE NO.07-3314-SAC

GAIL MYERS, et al.,

                Defendants.

### O R D E R

    Plaintiff proceeds pro se and in forma pauperis on a <u>Bivens</u> complaint filed while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Plaintiff seeks damages and injunctive relief on allegations that defendants violated his right to due process and equal protection in a prison disciplinary action that resulted in a six month retardation of the effective date of plaintiff's release on parole.

    When plaintiff sought to amend the complaint to also seek a writ of habeas corpus under 28 U.S.C. § 2241, the court denied plaintiff's motion for consolidation, severed the habeas action into a separate case that named the USPLVN warden as the respondent, and directed the clerk's office to apply the $5.00 filing fee submitted by plaintiff as full payment of the district court filing fee in the separate habeas corpus action. *See* <u>Dumas v. United States Parole Commission</u>, Case No. 08-3158-RDR.[1]

    Plaintiff filed a motion for reconsideration in which he

---

[1] Plaintiff subsequently amended that action to name the United States Parole Commission as the sole respondent.

appeared to argue or acknowledge that he is no longer seeking damages, and that his sole cause of action now lies in his separate habeas case. The court thus directed plaintiff to clarify whether this motion encompassed plaintiff's request for the his voluntary dismissal of the instant <u>Bivens</u> action, Fed.R.Civ.P. 41(a)(1)(A)(i).

In response, plaintiff clarifies that his earlier pleading addressed the appropriate respondent in his separate habeas case, and that he had no intention to voluntarily dismiss any claim or defendant in his <u>Bivens</u> complaint. The court accepts this clarification, but having carefully reviewed the record, the court nonetheless finds the complaint should be dismissed.

In this <u>Bivens</u> action, plaintiff seeks damages for the alleged violation of his constitutional rights in a prison disciplinary action that caused his release on parole to be rescheduled for a later date. The defendants named in the complaint are the director of the residential center where plaintiff tested positive for marijuana, the Bureau of Prisons (BOP) disciplinary hearing officer who reviewed the record of the incident and recommended that plaintiff's parole date be retarded, and two BOP officials in the North Central Regional office. Because plaintiff's allegations of error clearly implicate the validity of this disciplinary proceeding, his claim for damages against defendants cannot be maintained absent a showing the disciplinary action was overturned or otherwise invalidated. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005). Plaintiff acknowledges as much, and further asks for his <u>Bivens</u> complaint to

be stayed pending resolution of his related habeas action.

Court records disclose that plaintiff's related habeas corpus action was dismissed as moot on May 29, 2009, thus plaintiff's claim for damages under Bivens remains foreclosed.[2] Accordingly, the court concludes the complaint should be dismissed without prejudice because plaintiff's allegations fail to state a cognizable claim under Bivens against any defendant.

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Although there is disagreement in the courts as to whether the favorable termination rule in Heck applies if a plaintiff is no longer "in custody" for the purpose of seeking habeas corpus relief, the Tenth Circuit has not yet decided this question. See Jackson v. Loftis, 189 Fed.Appx. 775, *778-79 (10th Cir. 2006).